IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BECKMAN COULTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> SYSMEX AMERICA, INC. and SYSMEX CORPORATION, <br><br> Defendants. | Case No. 18-CV-6563 <br> Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Compel [87]. For the reasons set forth below, Defendants' Motion [87] is GRANTED IN PART.

**A. Introduction**

Plaintiff ("BCI") brought this action to stop Defendants' alleged infringement of BCI's U.S. Patent No. 6,581,012 ("the 012 Patent").[1] The 012 Patent describes an integrated, automated software system for testing specimens. Defendants ("Sysmex") deny that their accused systems infringe or that the alleged infringement is willful. They further allege that the asserted patent claims 1, 14, 15, and 19 are invalid.

The parties' Final Infringement, Unenforceability, and Invalidity Contentions (LPR 3.1) are due May 17, 2019 and fact discovery closes July 26, 2019. The present dispute involves Sysmex's Interrogatory No. 3 that asks BCI to describe "the facts and circumstances surrounding the alleged conception and reduction to practice of

---

[1] This case is consolidated for all purposes with *Sysmex Corporation et al v. Beckman Coulter, Inc.*, Case No. 18-cv-740. (*see* Dkt. 81).

the subject matter of each claim" including identification of the dates and evidence that corroborates such dates. (Mot. Exh. A). BCI answered, in part, that "the date of conception for the invention as claimed in the asserted claims of the '012 Patent as between about October 2, 1996 and March 25, 1997….[and] the claimed invention was actually reduced to practice in spring of 1997…" (Mot. Exh. L).

Sysmex requests the Court to require BCI to provide the actual date(s) and bases for contending an invention date prior to the 012 Patent filing date, July 30, 1999. Alternatively, Sysmex requests that BCI be precluded from any dates of conception or reduction to practice of the claimed inventions before July 30, 1999. BCI filed an opposition brief to the Motion to Compel. (Dkt. 98). This Court has broad discretion to resolve this discovery dispute. *See Broadfield v. Williams*, 2019 U.S. App. LEXIS 11599, at *8 (7th Cir. Apr. 22, 2019); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

**B. Discussion**

As the patentee claiming an invention date prior to the application filing date for the 012 Patent, BCI has the burden to establish conception and reduction to practice. *See In re Steed*, 802 F.3d 1311, 1316 (Fed. Cir. 2015). It is undisputed that "conception and reduction to practice dates of the inventions are relevant to invalidity defenses" for purposes of discovery. *See DSM Desotech Inc. v. 3DSys. Corp.,* No. 08 C 1531, Dkt. 116, at pp. 4–5 (N.D. Ill. May 14, 2009) (collecting cases) (Mot. Exh. Q); *see also McKesson Info. Sols. LLC v. Epic Sys. Corp.*, 242 F.R.D. 689, 692 (N.D. Ga. 2007) ("Because the threshold question of whether the prior art is in fact 'prior' depends

upon the [patent's] priority date, the information [defendant] seeks in Interrogatory No. 1 is unquestionably relevant...").

Sysmex argues that BCI as patentee must identify specific dates for conception and reduction to practice. (Dkt. 87, citing cases including *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 2017 U.S. Dist. LEXIS 114602 (E.D. Wis. July 24, 2017) and *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, 2015 U.S. Dist. LEXIS 187662 (D. Haw. June 22, 2015). In response, BCI argues that (1) it already met the standard discussed in the case law by identifying the earliest possible dates for conception and reduction to practice; (2) at this discovery stage, Sysmex is improperly trying to test the merits, and depositions at a later time might provide additional information; and (3) BCI provided the best information it has after a reasonable investigation. The Court agrees with Sysmex that BCI's supplemental answer to Sysmex's Interrogatory No. 3 (Mot. Exh. L) is insufficient and an amended answer is required.

First, BCI contends that it has met the standard in the relevant case law because it "definitely stated the earliest date that conception occurred, namely, October 2, 1996, and reduction to practice, namely, spring of 1997." (Dkt. 98 at 5). However, there are two problems with BCI's interrogatory answer as currently drafted: (1) for conception BCI's answer states "about October 2, 1996"—leaving room for earlier dates, and gives a 6-month date range and (2) for reduction to practice it gives no date but rather names a season. In its brief and at the April 23 hearing, BCI committed to October 2, 1996 as the earliest date for conception. Its written interrogatory answer needs to reflect that. And instead of a range of dates or a season, BCI must identify

actual or approximate specific dates. The cases disallow a range of dates and "spring of 1997" is not only a range, but an ill-defined range. What is the earliest date in the "spring of 1997"? *See Finjan, Inc. v. Zscaler, Inc.*, 2019 U.S. Dist. LEXIS 60883, at \*6 (N.D. Cal. Apr. 9, 2019) (disallowing range of dates); *IMAX Corp. v. In-Three, Inc.*, 2005 U.S. Dist. LEXIS 13807, at \*2 (C.D. Cal. July 8, 2005) (ordering plaintiffs to provide the "precise date of conception"); *Bayer Healthcare LLC v. Pfizer Inc.,* 12-cv-00630, Dkt. 110 (N.D. Ill. Apr. 25, 2012) (requiring plaintiff to "provide specific dates in response to the interrogatory concerning conception and reduction−to−practice.") (Mot. Exh. O).

The Court in *Milwaukee Elec. Tool Corp.* recognized that an estimate of dates "will do when a party cannot in good faith pick a precise date." 2017 U.S. Dist. LEXIS 114602, at \*5 (citations omitted). But that is not what BCI did. BCI gave a 6-month date range and an entire season. This Court is persuaded by the reasoning in *Milwaukee*: "Answering this interrogatory with actual or approximate dates is simple. Arriving at what those dates are is much more complex …and [Defendant] cannot be expected to divine Plaintiffs' position from the documents produced." 2017 U.S. Dist. LEXIS 114602, at \*7. Indeed, counsel for Sysmex represented that they had identified prior art in the middle of BCI's October 2, 1996 and March 25, 1997 range making BCI's identification of actual dates, even if approximations, all the more significant.

BCI asserts that the decisions in *Milwaukee* and *Finjan* "expressly allowed a range of dates." (Dkt. 98 at 6). That is not correct. To the contrary, the *Milwaukee*

court ordered plaintiffs to remove qualifying language in their interrogatory answer or identify the earliest dates they intended to assert for conception and reduction to practice. The *Finjan* court ordered plaintiff to identify "a specific date or dates of conception that Plaintiff intends to assert," instead of a range of dates. 2019 U.S. Dist. LEXIS 60883 at *4, 6 ("courts in this district have held that the Patent Local Rules require[] a patent holder to assert a specific date of conception, not a date range") (internal citations and quotations omitted). BCI also argues that the *Finjan* court did not require identification of a single date. But Sysmex is not moving to compel only a *single* date; it is moving to compel *specific dates.*

Second, BCI argues that Sysmex improperly seeks to test the merits and Sysmex's depositions of the investors and experts at a later time might provide additional information. The Local Patent Rules "are meant to prevent a 'shifting sands' approach to claim construction by forcing the parties to 'crystallize their theories of the case early in litigation.'" *Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2012 U.S. Dist. LEXIS 38740, at *25 (N.D. Ill. Mar. 21, 2012). BCI's theory is that its patent was conceived of and reduced to practice before the patent filing date. Sysmex has a right to know the dates underlying this theory so that it can respond. Indeed in its final contentions, Sysmex will be limited in the number of prior art references it can use. *See* LPR 3.1. And amendment to final contentions is allowed "only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties." LPR 3.4.

Although BCI contends that it "has not refused to answer Sysmex's interrogatory on the basis that this Court has yet to construe the claims" (Dkt. 98 at 4), it did

reserve the right to supplement its answer "after an appropriate claim construction order has been entered by the Court." (Mot. Exh. L). As BCI is aware, fact discovery closes July 26, 2019, well before a claim construction ruling. Further, the Local Patent Rules in this district do not anticipate additional fact discovery after a claim construction ruling. *See* LPR 1.3.[2]

BCI has had at least 11 months to identify this information. The inventors are current and former BCI employees. (Dkt. 98 at 2). Three of the key inventors are current employees. BCI does not argue that it has not been able to interview these individuals or identify relevant documents. In addition, BCI has already identified documents it says support its asserted dates of conception and reduction to practice. It is not unreasonable or burdensome for Sysmex to ask, or this Court to order, that BCI specifically set out dates, even approximate dates, and identify the documents that support the asserted dates, especially because the number of documents is relatively small. While BCI asserts that it provided the best information it has, the Court is not convinced because Sysmex has indicated that the 96 documents produced contain dates, and, of course, this is the evidence that will ultimately form the basis of BCI meeting its burden in this case.

One final note. Sysmex's motion requests the Court to require an interrogatory answer that specifies the facts and evidence corroborating the dates "element-by-element." (Dkt. 87 at 5, Dkt. 87-19). Interrogatory No. 3 did not ask for the

---

[2] Local Patent Rule 1.3 provides only that fact discovery "*may*" resume after a claim construction ruling. The comment to the rule states that if a party seeks more discovery, it must file "a motion explaining why further discovery is necessitated by the claim construction ruling."

information element-by-element. In the case Sysmex relies on, *Broadband iTV, Inc.*, 2015 U.S. Dist. LEXIS 187662, the defendant's interrogatory specifically asked for element-by-element. The other cited cases support requiring BCI to provide this information by claim. This request is denied.

**C. Conclusion**

For the foregoing reasons, the Court orders Plaintiff BCI to serve an amended response to Interrogatory No. 3 on or before May 3, 2019. BCI shall answer Interrogatory No. 3 for each asserted claim (it is not obligated to answer "element-by-element"). In the response, BCI shall identify specific date(s) BCI intends to rely on to show reduction to practice and conception of the asserted claims. BCI may state the aforementioned as approximate dates if it believes in good faith that it cannot designate the specific dates. BCI shall also specifically state, without approximation, the earliest date it intends to claim for conception and earliest date it intends to claim for reduction to practice of the asserted claims. A date range or season is not permitted in any part of the answer. BCI's answer shall include a factual description that corresponds to the dates and cites to corresponding specific document bates numbers. Status hearing set for May 2, 2019 at 11:00 am remains set.

E N T E R:

Dated: April 26, 2019

*Mary M Rowland*

———————————————
MARY M. ROWLAND
United States Magistrate Judge