# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Beckman Coulter, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 C 06563 |
| v. ) | |
| ) | Judge John Z. Lee |
| Sysmex America, Inc. and ) | |
| Sysmex Corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Beckman Coulter, Inc. ("BCI") sued Defendants Sysmex America, Inc. ("SAI") and Sysmex Corporation ("Sysmex Corp.") (collectively "Sysmex") for patent infringement [1]. After Sysmex moved for partial summary judgment to preclude recovery of pre-suit damages, BCI asked this court to delay consideration of Sysmex's motion until additional discovery can be conducted pursuant to Fed. R. Civ. P. 56(d). Because the proposed discovery would not aid BCI in opposing Sysmex's motion, BCI's request is denied, and Sysmex's motion for partial summary judgment is granted.

## BACKGROUND

BCI owns United States Patent No. 6,581,012, entitled "Automated Laboratory Software Architecture" (the "'012 Patent"). Compl. ¶ 1, ECF No. 1. In BCI's view, Sysmex infringes that patent when it sells and offers to sell certain hematology analyzer systems, including the XN-9000 and XN-9100 Automated Hematology Systems. *Id.* ¶ 49, ECF No. 1.

During fact discovery, BCI disclosed that it sells hematology analyzer systems of its own. According to BCI, its DxH products, including the DxH 600, DxH 800, DxH 801, DxH 1600, DxH 1601, DxH 2400, DxH 2401 (collectively "DxH analyzers"), embody each of the claims of the '012 patent. ECF No. 120-1, at 2–3. BCI admits that those products were "made, offered for sale, or sold within the United States by BCI prior to November 3, 2017" and further admits that it did not begin marking those products until after that date. *Id.* at 3–4.

## **LEGAL STANDARD**

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court gives "the non-moving party the benefit of conflicts in the evidence and reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013). To survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts[,]" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead "must establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012).

Under Rule 56(d), district courts "may delay consideration of a summary-judgment motion and order additional discovery if the requesting party demonstrates that 'it cannot present facts essential to justify its opposition.'" *Arnold v. Villarreal*,

853 F.3d 384, 389 (7th Cir. 2017) (citing Fed. R. Civ. P. 56(d)). But Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Korf v. Ball State Univ.*, 726 F.2d 1222, 1230 (7th Cir. 1984). Instead, Rule 56(d) places the burden on the nonmovant to "state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). If "the district court's decision would not differ if discovery were conducted, a district court is within its discretion to deny the Rule 56(d) motion." *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, No. 13-CV-1922, 2015 WL 1543216, at *10 (N.D. Ill. Mar. 31, 2015), citing *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014).

## Analysis

In order to recover damages in a patent infringement suit, a patent holder must establish, among other things, that the alleged infringer had notice of the patent. Specifically, 35 U.S.C. § 287(a) provides that:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent. . . . In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.

"The burden of proving compliance with marking is and at all times remains on the patentee." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d

3

1350, 1367 (Fed. Cir. 2017). Thus, to defeat Sysmex's motion for partial summary judgment, BCI must identify a dispute of material fact as to at least one of the following questions: (1) whether BCI's DxH analyzers practice the patented invention; (2) whether it marked those analyzers in accordance with § 287(a); or (3) whether Sysmex otherwise had notice of the '012 patent.

Invoking Rule 56(d), BCI contends that additional discovery might uncover evidence that would create an issue of material fact with respect to whether its DxH analyzers practice the '012 patent. Fed. R. Civ. P. 56(d); ECF No. 130-1 at 4. Though BCI admits that those analyzers embody the patent-in-suit, Sysmex has not taken a position on that question. ECF No. 130-1 at 4. As BCI sees it, if Sysmex asserts that the analyzers do not embody the '012 patent, that would generate a dispute of material fact sufficient to preclude partial judgment. Accordingly, BCI asks for "discovery to determine Sysmex's position on th[at] issue." ECF No. 130-1 at 4. For its part, Sysmex contends that, "in light of BCI's binding admission that it sold products allegedly covered by the '012 patent," BCI "cannot carry its burden of proof on the 287 issue." ECF No. 137 at 7–8.

For two reasons, Sysmex has the better of this argument. The first flaw in BCI's Rule 56(d) response is that the requested discovery would be "futile." *See Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 866 (7th Cir. 2019) (observing that "the sound reasons for denying a properly supported Rule 56(d) motion [include] . . . the apparent futility of the requested discovery.") Even if Sysmex were to allege that the DxH analyzers do not embody the patent-in-suit, that would not prevent the Court from

4

granting partial summary judgment. BCI, after all, admits that its products practice the '012 patent. ECF No. 120-1, at 3. Under Rule 45, admissions are "conclusively established," and, as BCI acknowledges, "[t]he doctrine of judicial admissions prohibits a litigant who has made a definite admission of fact . . . from subsequently controverting that admission." ECF No. 130 at 4, citing *Medcom Holding Co. v. Baxter Travelnol Labs, Inc.*, 106 F.3d 1388, 1404 (7th Cir. 1997). In light of BCI's admission that its products embody the '012 patent, "no amount of discovery" would permit it to contradict that view. *Arnold*, 853 F.3d at 389.

Even setting aside that admission, BCI's Rule 56(d) response fails for a second, independent reason. In reviewing motions for summary judgment based on the patent marking statute, courts consistently hold that disagreement between the parties, without more, does not generate a genuine dispute of material fact. *See Qualcomm Inc. v. Apple Inc.*, No. 17CV1375 DMS(MDD), 2019 WL 448278, at *4 (S.D. Cal. Feb. 5, 2019) (concluding that the patentee had not met its "burden of pleading and proving he complied with § 287(a)'s marking requirement" even though the alleged infringer "dispute[d] whether [the patentee]'s products practice the patents in suit"); *Loral Fairchild Corp. v. Victor Co. of Japan*, 906 F. Supp. 813, 817–18 (E.D.N.Y. 1995) (observing that "legal contentions . . . do not satisfy [the patentee]'s burden to present factual evidence showing a genuine issue of material fact"); *U.S Ethernet Innovations, LLC, v. Acer, Inc.*, No. C-10-3724-CW, 2013 WL 4456161, at *9 (N.D. Cal. Aug. 16, 2013) (finding that the patentee "cannot meet its burden [to show compliance with § 287] simply through argument unsupported by evidence");

5

*Fortinet, Inc. v. Sophos, Inc.*, No. 13-CV-05831-EMC, 2015 WL 6513655, at *2 (N.D. Cal. Oct. 28, 2015) (same). In the same way, BCI's proposed discovery cannot create a genuine issue of material fact, because it seeks "legal contentions"—that is, whether Sysmex contends that BCI's products practice the patent—and not "factual evidence." *See Loral*, 906 F. Supp. at 818. Because the disposition of Sysmex's motion for partial judgment "would not differ if [the requested] discovery were conducted," the Court denies BCI's Rule 56(d) response. *Addison*, 2015 WL 1543216 at *10.

Arguing in the alternative, BCI states that "[if] the Court does not believe additional discovery is necessary to resolve this [Rule 56(d) response], BCI requests an opportunity to oppose Sysmex's Motion at least as it relates to BCI's October 17, 2018, pre-suit notice letter." ECF No. 130 at 6. As this request implies, BCI's response does not include any argument about whether that letter satisfies the "actual notice" exception to the patent marking statute. ECF No. 130 at 6. Nor does BCI explain why it failed to brief that issue. *Id.* Indeed, BCI appears to admit that the October letter does not stand in the way of Sysmex's partial summary judgment motion. *See* ECF No. 130 at 1 ("If there is no dispute [about whether the DxH products practice the '012 patent], the Court can enter an appropriate summary judgment order."). Because BCI does not offer any argument on the actual notice issue, does not explain its failure to do so, and all but admits that that issue would not preclude Sysmex's motion, the Court concludes that BCI has waived argument on this issue. *See M. G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("[P]erfunctory and undeveloped arguments

6

are waived.")

Ultimately, BCI has failed to "make an evidentiary showing that could lead a reasonable juror to find that [it] w[as], in fact, in compliance with the marking statute." *Von Holdt v. A-1 Tool Corp.*, 714 F. Supp. 2d 863, 868 (N.D. Ill. 2010). Under § 287(a), "a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages." *Arctic Cat*, 876 F.3d at 1365. BCI admits that its products embody the '012 patent, ECF No. 120-1, at 2–3, further admits that it failed to mark those products, *id.*, and has waived any argument that Sysmex had actual notice of the '012 patent before this suit. ECF No. 130 at 6. Thus, Sysmex's motion for partial summary judgment is granted.

Perhaps anticipating this result, BCI asks the Court to enter an "order establishing, as an undisputed fact for all purposes in this litigation, that BCI's products are covered by the patent-in-suit." ECF No. 130 at 6. In support, BCI highlights the general principle that "litigants are not permitted to take inconsistent positions in judicial proceedings." *Id*. at 4, citing *Gardiner v. Westgate Resorts*, No. CV 16-5090, 2017 WL 1805966, at *3 (E.D. Pa. May 5, 2017). But BCI, not Sysmex, has the burden of proving all of the elements of § 287. *See Arctic Cat*, 876 F.3d at 1365. As a result, Sysmex's motion need not—and does not—take a position on whether BCI's products practice the patent-in-suit, other than pointing to BCI's own admissions. ECF No. 120-2, at 2. What impact, if any, Sysmex's current strategy (and its answer to BCI's interrogatory asking Sysmex for its position on this issue) will have on Sysmex's ability to contest this fact as the litigation proceeds is a

7

question the Court will reserve for another day.

## CONCLUSION

For the reasons provided above, the Court denies BCI's Rule 56(d) response and instead grants Sysmex's motion for partial summary judgment.


**IT IS SO ORDERED.**         ENTERED:  2/26/20

_____
**JOHN Z. LEE**
**United States District Judge**